MELINDA HAAG (CABN 132612)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

TIMOTHY J. LUCEY (CABN 172332)
Assistant United States Attorney
   450 Golden Gate Ave., Box 36055
   San Francisco, California 94102
   Telephone:  (415) 436-7200
   Fax: (415) 436-7234
   E-Mail: Timothy.Lucey@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 09 - 01195 JF |
| Plaintiff, | ) ) | STIPULATION AND [PROPOSED] ORDER |
| v. | ) ) | |
| RODNEY HATFIELD, et al., | ) ) | |
| Defendants. | ) ) | |

     WHEREAS, the government has produced in excess of 30,000 pages of discovery to counsel for the defendants, and where the discovery includes financial records, trading records, and emails, such that the matter is considered complex under 18 U.S.C. § 3161(h)(8)(B)(ii);

     WHEREAS, counsel for the defendants need sufficient time to review the discovery, in order to effectively prepare for the defense of this matter, pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv);

     WHEREAS, counsel for the parties jointly agree and stipulate that a continuance of this matter is appropriate given the and the need for effective preparation of counsel and where the next available date where all counsel are available is October 14, 2010, such that there is a need for a  continuance to such date based on continuity of counsel, pursuant to 18 U.S.C. §

STIPULATION AND [PROPOSED] ORDER
[09 - 01195 JF]     1

1  3161(h)(7)(B)(iv);

2      THEREFORE, the parties mutually and jointly stipulate that the matter should be
3  continued, based on the complexity of this case, the need for effective preparation of counsel, and
4  the need for continuity of counsel, and the parties jointly request that the Court continue the
5  matter until **Thursday, October 14, 2010, at 9:00 a.m.**  The parties agree that continuing the
6  case until October 14, 2010, is necessary, given the complexity of the case, the need for defense
7  counsel to review and analyze a large amount of discovery, and the need to maintain continuity
8  of counsel.   The parties also agree that failing to grant a continuance would deny counsel for the
9  defense the reasonable time necessary for effective preparation and continuity of counsel, taking
10 into account the exercise of due diligence.  See 18 U.S.C. § 3161(h)(7)(B)(iv).

11     The parties also agree, and the Court has found previously, that the case involves
12 government allegations of a complicated fraud scheme with substantial evidence, both paper and
13 electronic, and that thus "the case is so unusual or so complex, due to . . . the nature of the
14 prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect
15 adequate preparation for pretrial proceedings or for the trial itself within the time limits
16 established" by the Speedy Trial Act.  See 18 U.S.C. § 3161(h)(8)(7)(ii).

17     Finally, the parties agree that the ends of justice served by excluding time from
18 September 2, 2010, until October 14, 2010,  outweigh the best interest of the public and the
19 defendant in a speedy trial.  Id. § 3161(h)(A).

20 **STIPULATED:**

23 DATED:                                                              /S/
                                                              GEOFFREY A. BRAUN
24                                                               Attorney for RODNEY HATFIELD

| | | |
|---|---|---|
|1| | |
|2|DATED:|_/S/_____<br>VARELL L. FULLER<br>Assistant Federal Public Defender<br>Attorney for LLOYD MYERS|
|6|DATED:|_/S/_____<br>TIMOTHY J. LUCEY<br>Assistant United States Attorney|

### **ORDER**

For good cause shown, the Court continues the matter until **Thursday, October 14, 2010, at 9:00 a.m.**

The Court enters this order excluding time from September 2, 2010, up to and including October 14, 2010. Specifically, the parties agree, and the Court finds and holds that such that time should be excluded until October 14, 2010, and furthermore that failing to grant a continuance until October 14, 2010, would unreasonably deny the defendant continuity of counsel, and also would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv).

The parties also agree, and the Court finds and holds, that the case involves government allegations of a complicated fraud scheme with substantial evidence, both paper and electronic, and that thus "the case is so unusual or so complex, due to . . . the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established" by the Speedy Trial Act. See 18 U.S.C. § 3161(h)(8)(B)(ii).

////
////
////

1   Finally, the parties agree, and the Court finds and holds, that the ends of justice served by
2   excluding time from September 2, 2010, through October 14, 2010, outweigh the best interest of
3   the public and the defendant in a speedy trial.  Id. § 3161(h)(A).

5   **IT IS SO ORDERED.**

7   DATED: 9/1/10

    **HON. JEREMY FOGEL**
8   **United States District Judge**