| | |
|---|---|
| 1 | MELINDA HAAG (CABN 132612)<br>United States Attorney |
| 2 | |
| 3 | BRIAN J. STRETCH (CABN 163973)<br>Chief, Criminal Division |
| 4 | TIMOTHY J. LUCEY (CABN 172332)<br>Assistant United States Attorney |
| 5 | 450 Golden Gate Ave., Box 36055<br>San Francisco, California 94102 |
| 6 | Telephone:  (415) 436-7200<br>Fax: (415) 436-7234 |
| 7 | E-Mail: Timothy.Lucey@usdoj.gov |
| 8 | Attorneys for Plaintiff |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 09 - 01195 JF | |
| Plaintiff, | ) ) ) | STIPULATION AND [PROPOSED] ORDER | |
| v. | ) ) | | |
| RODNEY HATFIELD, et al., | ) ) | | |
| Defendants. | ) ) | | |

WHEREAS, the government has produced in excess of 30,000 pages of discovery to counsel for the defendants, and where the discovery includes financial records, trading records, and emails, such that the matter is considered complex under 18 U.S.C. § 3161(h)(8)(B)(ii);

WHEREAS, counsel for the defendants need sufficient time to review the discovery, in order to effectively prepare for the defense of this matter, pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv);

WHEREAS, counsel for the parties jointly agree and stipulate that a continuance of this matter is appropriate given the and the need for effective preparation of counsel and where the next available date where all counsel are available is January 6, 2011, such that there is a need for a  continuance to such date based on continuity of counsel, pursuant to 18 U.S.C. §

STIPULATION AND [PROPOSED] ORDER
[09 - 01195 JF]                                                            1

3161(h)(7)(B)(iv);

THEREFORE, the parties mutually and jointly stipulate that the matter should be continued, based on the complexity of this case, the need for effective preparation of counsel, and the need for continuity of counsel, and the parties jointly request that the Court continue the matter until **Thursday, January 6, 2011, at 9:00 a.m.**  The parties agree that continuing the case until January 6, 2011, is necessary, given the complexity of the case, the need for defense counsel to review and analyze a large amount of discovery, and the need to maintain continuity of counsel.   The parties also agree that failing to grant a continuance would deny counsel for the defense the reasonable time necessary for effective preparation and continuity of counsel, taking into account the exercise of due diligence.  See 18 U.S.C. § 3161(h)(7)(B)(iv).

The parties also agree, and the Court has found previously, that the case involves government allegations of a complicated fraud scheme with substantial evidence, both paper and electronic, and that thus "the case is so unusual or so complex, due to . . . the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established" by the Speedy Trial Act.  See 18 U.S.C. § 3161(h)(8)(7)(ii).

Finally, the parties agree that the ends of justice served by excluding time from October 14, 2010, until January 6, 2011,  outweigh the best interest of the public and the defendant in a speedy trial.  Id. § 3161(h)(A).

**STIPULATED:**


DATED: October 13, 2010    /S/
GEOFFREY A. BRAUN
Attorney for RODNEY HATFIELD


DATED: October 13, 2010    /S/
VARELL L. FULLER
Assistant Federal Public Defender
Attorney for LLOYD MYERS

STIPULATION AND [PROPOSED] ORDER
[09 - 01195 JF]

2

1  DATED: October 13, 2010                    /S/
2                                             TIMOTHY J. LUCEY
                                              Assistant United States Attorney

3                                   **ORDER**

4       For good cause shown, the Court continues the matter until **Thursday, January 6, 2011,**
5  **at 9:00 a.m.**
6       The Court enters this order excluding time from October 14, 2010, up to and including
7  January 6, 2011. Specifically, the parties agree, and the Court finds and holds that such that time
8  should be excluded until January 6, 2011, and furthermore that failing to grant a continuance
9  until January 6, 2010, would unreasonably deny the defendant continuity of counsel, and also
10 would deny defense counsel the reasonable time necessary for effective preparation, taking into
11 account the exercise of due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv).
12      The parties also agree, and the Court finds and holds, that the case involves government
13 allegations of a complicated fraud scheme with substantial evidence, both paper and electronic,
14 and that thus "the case is so unusual or so complex, due to . . . the nature of the prosecution, or
15 the existence of novel questions of fact or law, that it is unreasonable to expect adequate
16 preparation for pretrial proceedings or for the trial itself within the time limits established" by the
17 Speedy Trial Act. See 18 U.S.C. § 3161(h)(8)(B)(ii).
18      Finally, the parties agree, and the Court finds and holds, that the ends of justice served by
19 excluding time from October 14, 2010, through January 6, 2010, outweigh the best interest of the
20 public and the defendant in a speedy trial. Id. § 3161(h)(A).

22      **IT IS SO ORDERED.**

24 DATED: 1/5/11
                                              **HON. JEREMY FOGEL**
25                                            **United States District Judge**

STIPULATION AND [PROPOSED] ORDER
[09 - 01195 JF]                              3