1  MELINDA HAAG (CABN 132612)
   United States Attorney
2
   MIRANDA KANE (CABN 150630)
3  Chief, Criminal Division

4  TIMOTHY J. LUCEY (CABN 172332)
   Assistant United States Attorney
5      150 Almaden Boulevard, Suite 900
       San Jose, California 95113
6      Telephone: (408) 535-5054
       Fax: (408) 535-5066
7      E-Mail: Timothy.Lucey@usdoj.gov

8  Attorneys for Plaintiff

9
                    UNITED STATES DISTRICT COURT
10
                   NORTHERN DISTRICT OF CALIFORNIA
11
                          SAN JOSE DIVISION
12

13  UNITED STATES OF AMERICA,         )   No. CR 09 - 01195 EJD
                                      )
14         Plaintiff,                 )   STIPULATION AND
                                      )   [PROPOSED] ORDER
15      v.                            )
                                      )
16  RODNEY HATFIELD, et al.,          )
                                      )
17         Defendants.                )
                                      )
18

19      WHEREAS, the government has produced in excess of 30,000 pages of discovery to

20  counsel for the defendants, and where the discovery includes financial records, trading records,

21  and emails, such that the matter is considered complex under 18 U.S.C. § 3161(h)(7)(B)(ii);

22      WHEREAS, counsel for the defendants recently requested additional electronic data and

23  analysis from the United States, which has now been provided to the defense, such that defense

24  counsel require sufficient time to review the discovery, in order to effectively prepare for the

25  defense of this matter, pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv);

26      WHEREAS, counsel for defendant Rodney Hatfield is currently on trial and is expected

27  to be on trial on Monday, January 30, 2012, when this matter is next set for a hearing before this

28  Court, such that the need for a continuance based on continuity of counsel also pertains,

STIPULATION AND [PROPOSED] ORDER
[09 - 01195 EJD]                              1

1  WHEREAS, counsel for the parties jointly agree and stipulate that a continuance of this
2  matter is appropriate given the and the need for complexity, effective preparation of counsel, and
3  unavailability of one of the defense counsel, and where the next available date where all counsel
4  are available is March 26, 2012, such that there is a need for a continuance to such date based on
5  continuity of counsel, pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv);

6  THEREFORE, the parties mutually and jointly stipulate that the matter should be
7  continued, based on the complexity of this case, the need for effective preparation of counsel,
8  unavailability of one defense counsel, and the need for continuity of counsel, and the parties
9  jointly request that the Court continue the matter until **Monday, March 26, 2012, at 1:30 p.m.**

10  The parties agree that continuing the case until March 26, 2012, is necessary, given the
11  complexity of the case, the need for defense counsel to review and analyze a large amount of
12  discovery as well as the electronic data recently provided by the United States, the availability of
13  defendant, and the need to maintain continuity of counsel.  The parties also agree that failing to
14  grant a continuance would deny counsel for the defense the reasonable time necessary for
15  effective preparation and continuity of counsel, taking into account the exercise of due diligence.
16  See 18 U.S.C. § 3161(h)(7)(B)(iv).

17  The parties also agree, and the Court has found previously, that the case involves
18  government allegations of a complicated fraud scheme with substantial evidence, both paper and
19  electronic, and that thus "the case is so unusual or so complex, due to . . . the nature of the
20  prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect
21  adequate preparation for pretrial proceedings or for the trial itself within the time limits
22  established" by the Speedy Trial Act.  See 18 U.S.C. § 3161(h)(7)(B)(ii).
23  ////
24  ////
25  ////
26  ////
27  ////
28  ////

1  Finally, the parties agree that the ends of justice served by excluding time from January 30, 2012,
2  until March 26, 2012, outweigh the best interest of the public and the defendant in a
3  speedy trial.  Id. § 3161(h)(7)(A).
4
5
6  **STIPULATED:**
7
8  DATED: January 26, 2012                                 /s/
                                                   MICHAEL ARMSTRONG
9                                                  Attorney for RODNEY HATFIELD
10
11 DATED: January 26, 2012                                 /s/
                                                   VARELL L. FULLER
12                                                 Assistant Federal Public Defender
                                                   Attorney for LLOYD MYERS
13
14
15 DATED: January 26, 2012                                 /s/
                                                   TIMOTHY J. LUCEY
16                                                 Assistant United States Attorney
17
18
19
20
21
22
23
24
25
26
27
28

STIPULATION AND [PROPOSED] ORDER
[09 - 01195 EJD]                                         3

**ORDER**

For good cause shown, the Court continues the matter until **Monday, March 26, 2012, at 1:30 p.m.** as to BOTH defendants.

The Court enters this order excluding time from January 30, 2012, up to and including March 26, 2012. Specifically, the parties agree, and the Court finds and holds that such that time should be excluded until March 26, 2012, and furthermore that failing to grant a continuance until March 26, 2012, would unreasonably deny the defendant continuity of counsel, and also would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv). as to BOTH defendants.

The parties also agree, and the Court finds and holds, that the case involves government allegations of a complicated fraud scheme with substantial evidence, both paper and electronic, and that thus "the case is so unusual or so complex, due to . . . the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established" by the Speedy Trial Act. See 18 U.S.C. § 3161(h)(7)(B)(ii). as to BOTH defendants.

Finally, the parties agree, and the Court finds and holds, that the ends of justice served by excluding time from January 30, 2012, through March 26, 2012, outweigh the best interest of the public and the defendant in a speedy trial. Id. § 3161(h)(7)(A). as to BOTH defendants.

**IT IS SO ORDERED.**

DATED: January 30, 2012

**HON. EDWARD J. DAVILA**
**United States District Judge**

STIPULATION AND [PROPOSED] ORDER
[09 - 01195 EJD]                                    4